```
                     UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

------------------------------- x
THEODOSIOS PANOURGIAS,           :
Conservator of Person and Estate :
of Dimitrios Panourgias,         :
                                 :
          Plaintiff,             :
                                 :
               v.                :   Civil No. 3:19-cv-1870(AWT)
                                 :
SUNRISE SENIOR LIVING            :
MANAGEMENT, INC. a/k/a Sunrise   :
of Stamford,                     :
                                 :
          Defendant.             :
------------------------------- x

## RULING ON MOTION TO DISMISS

Plaintiff Theodosios Panourgias, conservator of the person and estate of Dimitrios Panourgias, brings a claim for negligence against Sunrise Senior Living Management, Inc. ("Sunrise"). Sunrise has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6). For the reasons set forth below, the motion to dismiss is being denied.

I.   **FACTUAL ALLEGATIONS**

In or about November 2017, Dimitrios Panourgias was a resident of Sunrise, an assisted-living facility. On November 27, 2017, while walking on the premises of Sunrise, he fell to the ground. As a result, he suffered an injury to his face, a Hill-Sachs fracture of his humeral head, dislocation of his left

shoulder, severe ecchymosis over the elbow and arm, injury to his left upper arm, and associated pain and suffering.  He also claims to suffer from mental anguish, frustration, and anxiety as a result of the incident.

**II.  LEGAL STANDARD**

A defendant may move to dismiss a complaint for insufficient service of process pursuant to Rule 12(b)(5).  In assessing a Rule 12(b)(5) motion, the court must look to Rule 4, which governs the content, issuance, and service of a summons. Under Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (2d Cir. 2010) (alteration in original) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)).

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555 (citations omitted).

However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Id. at 568.  "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)).  "The issue on a motion to dismiss is not whether the plaintiff will

prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

**III. DISCUSSION**

Sunrise moves to dismiss the complaint only on the ground that it fails to comply with Conn. Gen. Stat. § 52-190a(a), which requires that civil actions alleging medical malpractice be accompanied by "a certificate . . . averring that there were grounds for a good faith belief that the defendant had committed 'medical negligence' in the 'care or treatment'" of the plaintiff. Doe v. Cochran, 332 Conn. 325, 330 (2019).

Determining if a claim truly sounds in medical malpractice "requires a court to review closely the circumstances under which the alleged negligence occurred." Gold v. Greenwich Hosp. Ass'n, 262 Conn. 248, 254 (2002). "[P]rofessional negligence or malpractice . . . [is] defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services . . . ." Boone v. William W. Backus Hosp., 272 Conn. 551, 562 (2005) (alterations in original) (quoting Gold, 262 Conn. at 254). "Furthermore, malpractice

presupposes some improper conduct in the treatment or operative skill [or] . . . the failure to exercise requisite medical skill . . . ." Id. (quoting Gold, 262 Conn. at 254). The Connecticut Supreme Court has articulated three factors to consider in determining whether a claim sounds in medical malpractice:

> [W]hether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship, and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment.

Gold, 262 Conn. at 255 (quoting Trimel v. Lawrence & Mem'l Hosp. Rehab. Ctr., 61 Conn. App. 353, 358 (2001)).

The complaint alleges that Sunrise's negligence caused Dimitrios Panourgias's fall and articulates that Sunrise was negligent in five ways. First, it alleges that Sunrise "fail[ed] to provide [a] safe environment to reduce [the] risk of or prevent falls." (Compl. ¶ 6, ECF No. 2-1.) Second, it alleges that Sunrise "[f]ailed to safeguard the environment in view of Dimitrios Panourgias'[s] history of falls." (Id.) Third, it alleges that Sunrise "[f]ailed to safeguard the environment in view of Dimitrios Panourgias'[s] November 24, 2017 fall resulting in dislocation of his shoulder." (Id.)[1]

---

[1] This fall is apparently in addition to the fall that is the subject of this complaint, which occurred on November 27, 2017.

Fourth, it alleges that Sunrise "[f]ailed to take other reasonable and appropriate measures to prevent Dimitrios Panourgias'[s] injury."  (Id.)  And finally, it alleges that Sunrise "[f]ailed to follow their own internal procedures regarding residents at risk for falls."  (Id.)

Sunrise contends that these allegations implicate its medical judgment as administrators of a licensed assisted-living facility.  It cites to regulations that require an assisted-living facility to employ licensed medical professionals to carry out a service plan, which is developed in the context of the needs and requirements of each patient-resident.  It argues that the claim here implicates its medical judgment because the plaintiff claims negligence in the development and implementation of a service plan.  Specifically, Sunrise points to the allegations that it failed to "safeguard the environment in view of" both "Dimitrios Panourgias'[s] history of falls" and specifically his "November 24, 2017 fall resulting in dislocation of his shoulder," as well as failing to "follow [Sunrise's] own internal procedures regarding residents at risk for falls."  (Id.)  Sunrise maintains that the complaint's references to Dimitrios Panourgias's specific history of falls implicate its medical judgment with respect to his treatment plan.

Sunrise relies principally on Levett v. Etkind, 158 Conn. 567 (1969).  There, the court concluded that a doctor's medical judgment was called upon when an elderly patient fell while disrobing in the examination room.  The patient had a history of falls and mental illness and refused assistance in disrobing for the examination.  The court concluded that the claim sounded in medical malpractice because "[t]he determination whether the decedent needed help in disrobing and, in the event she should refuse such help, what course of conduct to pursue called for a medical judgment on the part of the physician predicated on his knowledge of her physical and mental condition on that day." Id. at 573.

But Levett is not on point because the defendant in Levett was actively treating the patient at the time of her fall.  The situation in Levett thus implicated medical judgment as to whether, in the process of treating the plaintiff, she required assistance in disrobing.  Sunrise was not actively treating Dimitrios Panourgias when he fell.

Sunrise maintains that it was actively treating Dimitrios Panourgias at the time he fell because "all of the actions in an assisted living facility are planned for and provided based on the needs of the individual resident, as determined by a service program."  (Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss at 2, ECF No. 17.)  But to analogize this case to

Levett, the court would have to conclude that residents of an assisted-living facility are receiving medical treatment twenty-four hours a day, every day. Connecticut courts have rejected this position, finding that "[s]uch a categorical approach is not supported by the case law." Simpson v. Norwalk Hosp., No. CV106014978, 2011 WL 3587445, at *3 (Conn. Super. Ct. July 20, 2011) (Dooley, J.) (and collecting cases).

Moreover, Connecticut courts addressing allegations similar to those in this case have concluded that the claim did not sound in medical malpractice. For example, in Simpson, the plaintiff was injured after the defendant rehabilitation facility allegedly failed to lock the wheels on a bed and also failed to inform the patient of the dangers of a bed whose wheels are not locked. The defendant there argued that "the nature of a rehabilitation facility is such that every aspect of its employees['] conduct vis-a-vis the patients is the product of the specialized medical care which the patient is at the facility to receive." Id. But the court rejected that argument and distinguished Levett, concluding that the plaintiff was not involved in medical treatment at the time of her injury even though the facility provided continuous, planned care. Thus, the court found that the allegations did not implicate medical judgment and sounded in ordinary negligence.

This case is also similar to Fallo v. McLean Ass'n, Inc., No. CV990499101, 2001 WL 950911 (Conn. Super. Ct. July 17, 2001). There, the plaintiff was also a full-time resident of an assisted-living facility. She slipped and fell late one evening. The court found Levett distinguishable because, although the plaintiff was a full-time resident of the facility, she was not receiving medical care twenty-four hours a day. Id. at *5. The court found that the complaint did not implicate the defendant's medical judgment.

Similarly, the claim here does not implicate medical judgment. Rather, it relates only to Sunrise's failure to safeguard the environment to take into account the relevant circumstances. (See Compl. ¶ 6 ("Failed to provide [a] safe environment to reduce [the] risk and/or prevent falls"); id. ("Failed to take other reasonable and appropriate measures to prevent Dimitrios Panourgias'[s] injury").) Although developing a treatment plan for Dimitrios Panourgias certainly involves medical judgment based on his specific medical conditions, taking reasonable precautions with respect to the safety of the facility, based on all of the circumstances reasonably known to the defendant, implicates only ordinary judgment. See Simpson, 2011 WL 3587445, at *3; Fallo, 2001 WL 950911, at *5; see also Trella v. Wal-Mart Stores, Inc., No. 3:15-CV-1211 (AWT), 2017 WL 902853, at *3 (D. Conn. Mar. 7, 2017) (although the placement of

-9-

the plaintiff on the operating-room table implicated medical judgment and training, ensuring that the plaintiff did not fall off the table once placed there required no medical judgment or skill); Feingold v. Watermark/Alsa II, LLC, No. CV156026978, 2016 WL 4007568, at *7 (Conn. Super. Ct. June 21, 2016) ("generally safeguarding patients from harm is not, in and of itself, specialized medical care"); id. at *9 ("taking precautions to ensure that a patient is safe walking ordinarily does not require specialized medical knowledge and has nothing to do with a medical diagnosis or treatment"); Fedorka v. Genesis Health Ventures of Naugatuck, Inc., No. CV106003591S, 2010 WL 5610883, at *3 (Conn. Super. Ct. Dec. 20, 2010) (claim for injury at defendant nursing home did not sound in medical malpractice because "the employee's alleged inability to be watchful of his surroundings, and his failure to enter the dining room in a manner which did not cause injury to the patient" did not implicate medical knowledge).  The fact that Dimitrios Panourgias had fallen before relates to Sunrise's specific notice of some of the circumstances to which it should have been mindful in keeping its premises safe as an exercise of its ordinary judgment.

## IV. CONCLUSION

For the reasons set forth above, Defendant Sunrise Senior Living Management, Inc.'s Motion to Dismiss Pursuant to Fed. R.

Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(6) (ECF No. 12) is hereby DENIED.

It is so ordered.

Dated this 22nd day of September 2020, at Hartford, Connecticut.

>                        /s/AWT
>                    Alvin W. Thompson
>               United States District Judge

-11-